*776 NAHMIAS, Justice,
concurring.
I concur fully in the Court’s opinion, because as the Court says, Austin’s complaint alleging that her injuries were caused by the individual defendants’ negligent performance of ministerial duties satisfies the minimal requirements of notice pleading as set forth in our case law, allowing this lawsuit to survive a motion to dismiss based on official immunity and to proceed into discovery. It is conceivable, as the Court explains, that the discovery process will identify government policies imposing clear, specific, and non-discretionary duties on the defendants to inspect, maintain, and repair the sidewalk and road at Peach County High School where Austin was injured. But that seems very unlikely, particularly given the executive and managerial positions of the public officials whom Austin chose to sue — officials who typically have the discretion to establish policies for lower-level employees to implement ministerially, if such policies exist at all. As a result, this case is almost certain to end with summary judgment for the defendants based on official immunity, as occurred in all the cases cited by the Court of Appeals — if the case is litigated that far.
As the defendants point out, however, if this case proceeds to full discovery, including medical experts on the issue of Austin’s damages, the litigation expenses would likely make it economically rational for the defendants to pay a significant sum to settle with Austin, notwithstanding their strong likelihood of ultimately prevailing in the case due to official immunity. The defendants urge this Court to apply the pleading rules more strictly in this context to avoid such an unjust result.
There appears to be a preferable approach, however, which avoids varying from our traditional notice pleading standard in cases like this. The trial court can exercise its broad discretion to enter protective orders governing discovery, see OCGA § 9-11-26 (c),[3] 4to control the sequence and timing of discovery, see OCGA § 9-11-26 *777 (d),[4] and to establish pretrial procedure, see OCGA § 9-11-16 (a) (5),[5] to focus discovery initially on the issue of whether any applicable ministerial duties existed. See generally Wayne M. Purdom, Ga. Civil Discovery §§ 4.4 (discussing sequencing of discovery), 4.11 (discussing pretrial and scheduling orders) (2013). If this initial and limited stage of discovery produces the likely result — that no such ministerial duty exists — then the defendants could move for summary judgment to end the case. If Austin does find evidence of such a duty, more extensive and expensive discovery into the issues of breach of the duty, causation, and damages could proceed and would be warranted.
Decided March 10, 2014.
Jerry A. Lumley, Childs & Noland, Frank H. Childs, Jr., for appellant.
By carefully utilizing their authority to manage discovery and pretrial practice, trial courts should be able to “secure the just, speedy, and inexpensive determination” of this and similar cases involving official immunity. OCGA § 9-11-1. See Crawford-El v. Brit-ton, 523 U. S. 574, 593 & n.14, 597-601 (118 SCt 1584,140 LE2d 759) (1998) (discussing various ways in which trial judges should exercise their discretion to protect the substance of the qualified immunity defense in federal civil rights and “constitutional tort” cases by protecting public officials from unnecessary and burdensome discovery or trial proceedings, including by tailoring and sequencing discovery). If this approach proves insufficient to protect public funds and public officials from the costs and distractions of lawsuits that have no plausible merit, then the General Assembly may consider whether alteration of the traditional notice pleading standard for such cases would be appropriate. See id. at 595-597. Compare Ashcroft v. Iqbal, 556 U. S. 662, 680-683 (129 SCt 1937, 173 LE2d 868) (2009).
I am authorized to state that Justice Blackwell joins in this concurrence.
*778 Smith, Welch, Webb & White, A.J. Welch, Jr., John B. Garland, Page, Scrantom, Sprouse, Tucker & Ford, David A. Siegel, Lindsay M. Hodgson, for appellees.

 OCGA § 9-11-26 (c) says, in relevant part:
Upon motion by a party or by the person from whom discovery is sought and for good cause shown, the court... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(1) That the discovery not be had;
(2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) That the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; [or]
(4) That certain matters not be inquired into or that the scope of the discovery be limited to certain matters ....

 OCGA § 9-11-26 (d) allows the trial court, on motion and “for the convenience of parties and witnesses and in the interests of justice,” to alter the usual rules that “methods of discovery may be used in any sequence” and “the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party’s discovery.”

 OCGA § 9-11-16 (a) (5) provides that the trial court, on the motion of any party or on its own motion, shall direct the attorneys for the parties to appear before it for a pretrial conference to consider, along with other enumerated topics, “[sjuch other matters as may aid in the disposition of the action.”